J. N. PATTERSON and B. E. JONES, Appellants, v. CITY
OF BURLINGTON ET AL.

**Municipal corporations:** STREET IMPROVEMENT: INJUNCTION BY TAX
PAYER. A resident tax payer of a city, whose property is un-
affected by the improvement of a street and the building of
a retaining wall, can not enjoin the city from making the im-
provement on the ground that it is being done in part for the
benefit of a street car company by construction of the wall out-
side the street line, where the same appears to be reasonable and
proper for public use, and the street car company is contributing
to the expense so that the cost to the city will be less than
otherwise.

**Same:** ACQUISITION OF ADDITIONAL LAND FOR STREETS: IRREVOCABLE
LICENSE. Where written permission has been given the city
by the owner of ground adjoining a street to erect a retaining
wall thereon for the improvement of the street, and the city
has acted thereon, it has acquired the same right to construct
and perpetually maintain the wall as though it had purchased
or condemned the ground.

*Appeal from Des Moines District Court.*—HON. W. S.
WITHROW, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

ACTION to restrain defendant from constructing a
retaining wall along or near the east side of South Main
Street, in said city, the complaint being that the proposed
wall departs from the east side of the street, and is to
be constructed on land not belonging to the city. After
the hearing upon the merits, the court on defendant's mo-
tion dismissed plaintiffs' petition, and the plaintiffs ap-
peal.—*Affirmed.*

*A. M. Antrobus,* for appellants.

*E. L. Hirsch* and *Seerley & Clark,* for appellees.

McCLAIN, J.—Plaintiffs sue as residents and tax-payers of defendant city, but not as owners of any property to be taken or interfered with or in any way damaged by the proposed action of the city which they seek to have restrained. As the evidence shows that the proposed improvement constructed as planned by the city will cost less than it would cost to build a retaining wall along the east side of the street and fill the street to grade against this retaining wall, and that the improvement as proposed will widen, instead of narrow, the street as would a retaining wall built within the street limits, we can not see that plaintiffs as taxpayers have any ground of complaint which justifies them in seeking to interfere with the discretion of the city council in the improvement of this street.

The real grievance seems to be that the city council is causing the retaining wall to be built and the street brought to grade for the accommodation of a street car company desiring to put in a loop near the entrance to a park in order to better accommodate the public resorting to such park; but it appears that the improvement of the street itself is reasonable and proper for the public use, and that, by an arrangement with the street car company to do the filling without expense to the city, the total cost of the improvement will be less than it would be if the retaining wall were constructed along the line of the street and within the street limits. Owing to the configuration of the ground, the proposed retaining wall so far as it departs from the line of the street is shorter than would be necessary if it were built on the street line. .

1. MUNICIPAL CORPORATIONS: street improvement: injunction by tax-payer.

With reference to the claim that the council has no right to expend money in the construction of a wall on

property to which the city does not have title, it is enough

*2. SAME: acquisition of additional land for streets: irrevocable license.* to say that the statute contemplates the acquisition by purchase or condemnation proceedings of additional land adjoining a street upon which to construct a retaining wall. See Code, section 784; *Talcott Bros. v. Des Moines,* 134 Iowa, 113. It appears that, before the council passed a resolution providing for the proposed improvement, the abutting landowner upon whose property the wall was to be constructed in writing granted to the city permission to build the retaining wall on his property as proposed, and this permission was presented to and accepted by the council, so that the city constructing the wall will do so under a license from the abutting owner which when acted upon by the city will be irrevocable, and will confer upon the city the right to maintain said wall in perpetuity as completely as though the right had been secured by condemnation proceedings.

We are unable to discover any equitable grounds on which the plaintiffs are entitled to have the city enjoined from making the proposed improvement, and the decree of the lower court is *affirmed.*